GARRY L. MONTANARI, State Bar No. 89790
WESLEY S. WENIG, State Bar No. 162351
MICHAELIS, MONTANARI & JOHNSON, P.C.
4333 Park Terrace Dr. #110
Westlake Village, CA 91361
Telephone No.:  (818) 865-0444

Attorneys for Defendants,
COUNTY OF ORANGE, GLEN LOCKERBY,
HARMON WARD, BRIAN BRUNS and
PHIL MEJIA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ANTHONY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER GLEN LOCKERBY; COUNTY OF ORANGE; OFFICER HARMON WARD; OFFICER BRIAN BRUNS; OFFICER PHIL MEJIA; CARLTON P. BIGGS; and ANDRE MANSSOURIAN, <br><br> Defendants. | Case No.: SA12-01702-SJO(SH) <br> Honorable S. James Otero <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date: December 10, 2012** <br> **Time: 10:00 a.m.** <br> **Courtroom: 1** <br><br> Complaint Filed:  October 3, 2012 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled court located at 312 North Spring Street, Los Angeles, California 90012, defendants, COUNTY OF ORANGE, GLEN LOCKERBY, HARMON WARD, BRIAN BRUNS and PHIL MEJIA, will and hereby do move the Court for an order dismissing them from plaintiff MELVIN ANTHONY, JR.'s first amended complaint on file herein pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted for the following reasons:

1

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1. The conduct alleged against each individual Sheriff's deputy defendant is not sufficient to state a constitutional violation under color of law; and

2. Plaintiff fails to state sufficient facts to support liability as to the COUNTY OF ORANGE for the alleged constitutional violations of its employees as required under the case of *Monell v. New York Department of Social Services* 436 U.S. 658 (1978).

This motion is being brought following the attempted conference between counsel for the moving parties and plaintiff pursuant to Central District Local Rule 7-3 which took place on or about October 18, 2012 and November 5, 2012.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, all files and records in this action, and upon such further matters as may be presented at the hearing on this motion.

DATED: November 7, 2012            MICHAELIS, MONTANARI & JOHNSON

By: _____
WESLEY S. WENIG
Attorneys for Defendants,
COUNTY OF ORANGE,
GLEN LOCKERBY,
HARMON WARD,
BRIAN BRUNS and
PHIL MEJIA

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Plaintiff MELVIN ANTHONY, JR.'s complaint alleges federal causes of action for an alleged deprivation of rights under 42 U.S.C. section 1983 against the COUNTY OF ORANGE and four individual COUNTY OF ORANGE Sheriff's deputies, GLEN LOCKERBY, HARMON WARD, BRIAN BRUNS and PHIL MEJIA, arising out of an incident which occurred at John Wayne Airport on June 15, 2012. (First Amended Complaint, allegations under "Parties" and "Statement of Facts".)

Plaintiff alleges that upon arrival at John Wayne Airport, after having been dropped off by his wife, Anny V. Anthony, he noticed an Orange County Sheriff's deputy talking to Anny and requesting her driver's license. Plaintiff then returned to the car to intervene and interfere with the Sheriff's deputy. (First Amended Complaint, "Statement of Facts" 1-19.) After continued interference, the Sheriff's deputy requested assistance from additional officers, who thereafter appeared at the scene. After continued defiance and interference with the officers, plaintiff was arrested. (First Amended Complaint, "Statement of Facts" 1-23.)

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This motion to dismiss is being brought pursuant to Fed.R.Civ.P. 12(b) which states, in pertinent part, as follows:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> . . .
>
> (6) Failure to state a claim upon which relief can be granted;

. . .

>A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

The counts in plaintiff's complaint all arise out of an alleged 42 U.S.C. section 1983 claim for false arrest. Defendants contend that plaintiff's complaint fails to state any claim upon which relief can be granted against them because the conduct alleged against each individual Sheriff's deputy defendant is not sufficient to state a constitutional violation under color of law and, separately, the allegations do not support liability as to the COUNTY OF ORANGE for the alleged conduct of its employees under *Monell v. New York Department of Social Services* 436 U.S. 658 (1978).

### III. **PLAINTIFF HAS NOT PLED A CONSTITUTIONAL VIOLATION UNDER 42 U.S.C. SECTION 1983**

To prove a violation of 42 U.S.C. section 1983, plaintiff must demonstrate that the individual defendants, in this case the Sheriff's deputies employed by the COUNTY OF ORANGE, (1) deprived him of a right secured by the Constitution, and (2) acted under color of state law. Further, to prevail on a section 1983 claim for false arrest, a plaintiff has to demonstrate that the arrest was made without probable cause or other legally sufficient justification. *Dubner v. City and County of San Francisco* 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime." *United States v. Buckner* 179 F.3d 834, 837 (9th Cir. 1999). Probable cause requires only "reasonably trustworthy information." *Saucier v. Katz* 533 U.S. 194, 207 (2001).

Plaintiff's allegations and admissions in his complaint clearly demonstrate that he was detained and/or arrested for his conduct which interfered with the investigation of a Sheriff's deputy involving the driver's license of his wife, Anny.

4
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  Plaintiff should not be permitted to bring a lawsuit for Section 1983 violations based
2  on such conclusory allegations that he was "battered," "shackled," or "kidnapped."
3  For example, in a lawsuit involving a Section 1983 violation for an unreasonable
4  search without probable cause, generalized and vague allegations were held
5  insufficient to state a valid claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).
6  Similarly, a long and rambling set of grievances is not sufficient to state a claim under
7  Section 1983. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

8  On the other hand, plaintiff's admissions and allegations in the first amended
9  complaint actually amount to "reasonably trustworthy information" supporting a
10 violation of law by plaintiff, establishing probable cause for the deputies' alleged
11 conduct. Under California Penal Code section 836.5, a public officer may arrest a
12 person without a warrant whenever the officer has reasonable cause to believe that
13 the person to be arrested has committed a misdemeanor in the presence of the officer
14 that is a violation of a statute that the officer has the duty to enforce.

15 Accordingly, Plaintiff has failed to state a claim upon which relief can be
16 granted because his allegations and admissions clearly support probable cause to
17 detain or arrest plaintiff for at least a violation of California Penal Code section 148.
18 That section provides, in pertinent part, as follows:

19  "(a)(1) Every person who wilfully resists, delays or
20  obstructs any public officer, peace officer, ... in the
21  discharge or attempt to discharge any duty of his or her
22  office or employment, when no other punishment is
23  prescribed, shall be punished by a fine not exceeding one
24  thousand dollars ($1,000), or by imprisonment in a county
25  jail not to exceed one year, or by both that fine and
26  imprisonment."

27 / / /
28 / / /

Plaintiff's allegations and admissions clearly demonstrate that he intentionally and repeatedly interfered with the Orange County Sheriff's deputies during the performance of their duties.

## IV. **PLAINTIFF HAS SPECIFICALLY FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE COUNTY OF ORANGE**

In order to successfully maintain an action against the COUNTY OF ORANGE for civil rights violations under 42 U.S.C. section 1983, it is necessary to establish that the alleged conduct occurred in execution of a government's policy or custom promulgated by its lawmakers or those whose acts may fairly be said to represent official policy. *Monell v. New York City Department of Social Services, supra*, 436 U.S. at 691-693. A Court of Appeal has explained liability under *Monell*, in pertinent part, as follows:

> "[A] municipality is liable under 42 U.S.C. §1983 only when execution of its policy or custom causes a plaintiff to suffer constitutional injury. Since *Monell*, the Court has continued to explore the contours of municipal liability under §1983. In a case involving a police shooting allegedly caused by inadequate training, the Court determined that 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"

*Parker v. District of Columbia* 850 F.2d 708, 711-712 (D.C. Cir. 1988), citing *Oklahoma City v. Tuttle* 471 U.S. 808, 823-824 (1985).

/ / /

6
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Accordingly, municipalities are only liable under 42 U.S.C. section 1983 in limited factual circumstances. In this matter, plaintiff does not allege facts against the COUNTY OF ORANGE to support its alleged liability as a governmental entity to plaintiff regarding the alleged incident. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted against the COUNTY OF ORANGE.

## V. CONCLUSION

Defendants COUNTY OF ORANGE, GLEN LOCKERBY, HARMON WARD, BRIAN BRUNS and PHIL MEJIA, request the Court to grant this motion to dismiss because plaintiff has failed to state a claim upon which relief can be granted under 43 U.S.C. section 1983. The allegations do not support *Monell* liability against the COUNTY OF ORANGE and, separately, there is no foundational constitutional violation initially alleged against Orange County Sheriff's deputies because the allegations clearly support an arrest or detention for probable cause.

DATED: November 7, 2012

MICHAELIS, MONTANARI & JOHNSON

By: _____
WESLEY S. WENIG
Attorneys for Defendants,
COUNTY OF ORANGE,
GLEN LOCKERBY,
HARMON WARD,
BRIAN BRUNS and
PHIL MEJIA

N:\12517\pld\Motion to Dismiss.1.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) S.S.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 4333 Park Terrace Dr. #110, Westlake Village, California 91361.

On November 7, 2012, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

**PLAINTIFF IN PRO SE**:

Melvin Anthony Jr.
6336 High Cliff Ln
Fontana, CA 92336

[X]   (**MAIL**) I deposited such envelope in the mail at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]   (**BY ELECTRONIC TRANSFER**) I caused all of the pages of the above-entitled document to be sent to the recipients noted below via electronic transfer (FAX) at the respective telephone numbers indicated below.

[X]   (**FEDERAL**) I declare that: [X] I am employed in the office of a member of the bar of this Court at whose direction this service is being made; or [ ] I am a member of the bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 7, 2012 at Westlake Village, California.

*Tammy Brantner*
Tammy Brantner